William P. Deni, Jr.
Charles H. Chevalier
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VALEANT PHARMACEUTICALS NORTH AMERICA LLC; VALEANT PHARMACEUTICALS IRELAND LTD.; DOW PHARMACEUTICAL SCIENCES, INC.; and KAKEN PHARMACEUTICAL CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> APOTEX INC. and APOTEX CORP., <br><br> Defendants. | Civil Action No. 19-5939 <br><br> *Document Electronically Filed* |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Valeant Pharmaceuticals North America LLC ("Valeant"), Valeant Pharmaceuticals Ireland Ltd. ("Valeant Ireland"), Dow Pharmaceutical Sciences, Inc. ("Dow"), and Kaken Pharmaceutical Co., Ltd. ("Kaken") (collectively, "Plaintiffs") by way of this Complaint against Apotex Inc. and Apotex Corp. (collectively, "Apotex") allege as follows:

**THE PARTIES**

1. Plaintiff Valeant is a limited liability company organized and existing under the laws of Delaware having its principal place of business at 400 Somerset Corporate Boulevard,

1

Bridgewater, New Jersey 08807.

2. Plaintiff Valeant Ireland is a company existing under the laws of Ireland having an office at 3013 Lake Drive, Citywest Business Campus, Dublin 24, Ireland.

3. Plaintiff Dow is a corporation organized and existing under the laws of Delaware having its principal place of business at 1330 Redwood Way, Petaluma, California 94954.

4. Plaintiff Kaken is a corporation organized and existing under the laws of Japan having its principal place of business at 20th Floor, Bunkyo Green Court, 28-8, Honkomagome 2-chome, Bunkyo-ku, Tokyo 113-8650, Japan.

5. Upon information and belief, Apotex Inc. is a Canadian corporation having a principal place of business at 150 Signet Drive, Toronto, Ontario M9L 1T9, Canada.

6. Upon information and belief, Apotex Corp. is a Delaware corporation having a place of business at 2400 North Commerce Parkway, Suite 400, Weston, Florida 33326.

7. Upon information and belief, Apotex Corp. is an agent, affiliate, or subsidiary of Apotex, Inc.

## NATURE OF THE ACTION

8. This is an action for infringement of United States Patent No. 10,105,444 ("the '444 patent") arising under the United States patent laws, Title 35, United States Code, § 100 et seq., including 35 U.S.C. §§ 271 and 281. This action relates to Apotex Inc.'s filing of an Abbreviated New Drug Application ("ANDA") under section 505(j) of the Federal Food, Drug, and Cosmetic Act ("the Act"), 21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration ("FDA") approval to market its generic efinaconazole topical solution, 10% ("Apotex's generic

efinaconazole topical solution").[1]

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 2201-02.

10. Upon information and belief, this court has jurisdiction over Apotex Inc. Upon information and belief, Apotex Inc. is in the business of, *inter alia*, developing, manufacturing, marketing, importing, and selling pharmaceutical products, including generic drug products. Upon information and belief, Apotex Inc. directly, or indirectly, develops, manufactures, markets, and sells generic drug products throughout the United States and in this judicial district, and this judicial district is a likely destination for Apotex's generic efinaconazole topical solution. Upon information and belief, Apotex Inc. purposefully has conducted and continues to conduct business in this judicial district. Apotex's notice letter invoked the jurisdiction and venue of this judicial district. Upon information and belief, Apotex Inc. has previously submitted to the jurisdiction of this Court and has further previously availed itself of this Court by asserting counterclaims in other civil actions initiated in this jurisdiction.

11. Apotex Inc. has taken the costly, significant step of applying to the FDA for approval to engage in future activities—including the marketing of its generic drugs—that will be purposefully directed at, upon information and belief, the State of New Jersey and elsewhere. Apotex Inc.'s ANDA filings constitute formal acts that reliably indicate plans to engage in marketing of the proposed generic drugs. Upon information and belief, Apotex Inc. intends to

---

[1] Plaintiffs previously brought an action for infringement of United States Patent Nos. 7,214,506 ("the '506 patent"), 8,039,494 ("the '494 patent"), 8,486,978 ("the '978 patent"), 9,302,009 ("the '009 patent"), 9,566,272 ("the '272 patent"), 9,662,394 ("the '394 patent"), 9,861,698 ("the '698 patent"), and 9,877,955 ("the '955 patent"). That action is currently pending in this Court as Case No. 3:18-cv-14202 (PGS) (LHG), and Plaintiffs hereby incorporate by reference their Complaint against Apotex (ECF No. 1) in that action.

direct sales of its drugs into New Jersey, among other places, once it has the requested FDA approval to market them. Upon information and belief, Apotex Inc. will engage in marketing of its proposed ANDA products in New Jersey upon approval of its ANDA.

12.  Upon information and belief, this court has jurisdiction over Apotex Corp. Upon information and belief, Apotex Corp. is in the business of, *inter alia*, developing, manufacturing, marketing, importing, and selling pharmaceutical products, including generic drug products. Upon information and belief, Apotex Corp. directly, or indirectly, develops, manufactures, markets, and sells generic drug products throughout the United States and in this judicial district, and this judicial district is a likely destination for Apotex's generic efinaconazole topical solution. Upon information and belief, Apotex Corp. purposefully has conducted and continues to conduct business in this judicial district. Upon information and belief, Apotex Corp. has previously submitted to the jurisdiction of this Court and has further previously availed itself of this Court by asserting counterclaims in other civil actions initiated in this jurisdiction.

13.  Apotex knows or should know that Jublia® is manufactured for Valeant Pharmaceuticals North America LLC in Bridgewater, NJ 08807 USA at least because that information is included in the label and prescribing information for Jublia®.

14.  Upon information and belief, venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and (d), and § 1400(b).

## THE PATENT IN SUIT

15.  The United States Patent and Trademark Office ("PTO") issued the '444 patent on October 23, 2018. The '444 patent claims, generally speaking, *inter alia*, pharmaceutical formulations including ethanol, cyclomethicone, diisopropyl adipate, C12-15 alkyl lactate and antioxidant. Plaintiffs hold all substantial rights in the '444 patent and have the right to sue for

4

infringement thereof. The '444 patent is valid and enforceable. A copy of the '444 patent is attached hereto as Exhibit A.

16. Dow is the holder of New Drug Application ("NDA") No. 203567 for Jublia®, which the FDA approved on June 6, 2014. In conjunction with NDA No. 203567, the '444 patent is listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book").

17. Efinaconazole topical solution, 10% is sold in the United States under the trademark Jublia®.

## APOTEX'S INFRINGING ANDA SUBMISSION

18. Upon information and belief, Apotex Inc. filed or caused to be filed with the FDA ANDA No. 212101, under Section 505(j) of the Act and 21 U.S.C. § 355(j).

19. Upon information and belief, Apotex Inc.'s ANDA No. 212101 seeks FDA approval to sell in the United States Apotex's generic efinaconazole topical solution, intended to be a generic version of Jublia®.

20. Kaken and Dow received a letter dated January 2, 2019 from Apotex Inc. purporting to be a Notice of Certification for ANDA No. 212101 ("Apotex's notice letter") under 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95(c) that included a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

21. Apotex's notice letter alleges that Apotex has submitted to the FDA ANDA No. 212101 seeking FDA approval to sell Apotex's generic efinaconazole topical solution, intended to be a generic version of Jublia®.

22. Upon information and belief, ANDA No. 212101 seeks approval of Apotex's generic efinaconazole topical solution that is the same, or substantially the same, as Jublia®.

## COUNT I AGAINST APOTEX

### Infringement of the '444 Patent under § 271(e)(2)

23. Paragraphs 1-22 are incorporated herein as set forth above.

24. Under 35 U.S.C. § 271(e)(2), Apotex has infringed at least one claim of the '444 patent by submitting, or causing to be submitted to the FDA, ANDA No. 212101 seeking approval for the commercial marketing of Apotex's generic efinaconazole topical solution before the expiration date of the '444 patent.

25. Upon information and belief, Apotex's generic efinaconazole topical solution will, if approved and marketed, infringe, either literally or under the doctrine of equivalents, at least one claim of the '444 patent.

26. Upon information and belief, Apotex will, through the manufacture, use, import, offer for sale, and/or sale of Apotex's generic efinaconazole topical solution, directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '444 patent.

27. If Apotex's marketing and sale of its generic efinaconazole topical solution prior to the expiration of the '444 patent is not enjoined, Plaintiffs will suffer substantial and irreparable harm for which there is no adequate remedy at law.

## COUNT II AGAINST APOTEX

### Declaratory Judgment of Infringement of the '444 Patent

28. Paragraphs 1-27 are incorporated herein as set forth above.

29. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

30. There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

31. Apotex has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Apotex's generic efinaconazole topical solution before the expiration date of the '444 patent, including Apotex's filing of ANDA No. 212101.

32. Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Apotex's generic efinaconazole topical solution will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '444 patent.

33. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer for sale, sale, and/or importation of Apotex's generic efinaconazole topical solution will constitute infringement of at least one claim of the '444 patent.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that the Court enter judgment in their favor and against Apotex on the patent infringement claims set forth above and respectfully request that this Court:

1. enter judgment that, under 35 U.S.C. § 271(e)(2), Apotex has infringed at least one claim of the '444 patent by submitting or causing to be submitted ANDA No. 212101 to the FDA to obtain approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Apotex's generic efinaconazole topical solution before the expiration of the '444 patent;

2. order that that the effective date of any approval by the FDA of Apotex's generic efinaconazole topical solution be a date that is not earlier than the expiration of the '444 patent, or such later date as the Court may determine;

3. enjoin Apotex from the commercial manufacture, use, import, offer for sale,

and/or sale of Apotex's generic efinaconazole topical solution until expiration of the '444 patent, or such later date as the Court may determine;

4. enjoin Apotex and all persons acting in concert with Apotex from seeking, obtaining, or maintaining approval of Apotex's ANDA No. 212101 until expiration of the '444 patent;

5. declare this to be an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4) and award Plaintiffs costs, expenses, and disbursements in this action, including reasonable attorney's fees;

6. award Plaintiffs such further and additional relief as this Court deems just and proper.

Dated: February 15, 2019
Newark, New Jersey

Respectfully submitted,

s/ William P. Deni, Jr.
William P. Deni, Jr.
Charles H. Chevalier
J. Brugh Lower
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545
wdeni@gibbonslaw.com
cchevalier@gibbonslaw.com
jlower@gibbonslaw.com

*Attorneys for Plaintiffs*

**Of Counsel:**
Thomas P. Steindler (*pro hac vice* to be submitted)
Nicole M. Jantzi (*pro hac vice* to be submitted)
Paul M. Schoenhard (*pro hac vice* to be submitted)
Ian B. Brooks (*pro hac vice* to be submitted)
**MCDERMOTT WILL & EMERY LLP**

The McDermott Building
500 North Capitol Street, NW
Washington, DC 20001-1531
(202) 756-8000

*Attorneys for Plaintiffs*
*Valeant Pharmaceuticals North America LLC,*
*Valeant Pharmaceuticals Ireland Ltd., and*
*Dow Pharmaceutical Sciences, Inc.*

John D. Livingstone (*pro hac vice* to be submitted)
**FINNEGAN, HENDERSON,**
**FARABOW, GARRETT & DUNNER, LLP**
271 17th Street, NW
Suite 1400
Atlanta, GA 30363-6209
(404) 653-6400

Naoki Yoshida (*pro hac vice* to be submitted)
**FINNEGAN, HENDERSON,**
**FARABOW, GARRETT & DUNNER, LLP**
33rd Floor, Shiroyama Trust Tower
3-1, Toranomon 4-chome, Minato-ku
Tokyo, 105-6033 Japan
+81-3-3431-6943

*Attorneys for Plaintiff*
*Kaken Pharmaceutical Co., Ltd.*

## CERTIFICATION OF NON-ARBITRABILITY
## PURSUANT TO LOCAL CIVIL RULE 201.1(d)

Pursuant to Local Civil Rule 201.1(d), the undersigned counsel hereby certifies that this action seeks declaratory and injunctive relief and, therefore, is not subject to mandatory arbitration.

I hereby certify under penalty of perjury that the foregoing is true and correct.

Dated: February 15, 2019
       Newark, New Jersey

Respectfully submitted,

s/ William P. Deni, Jr.
William P. Deni, Jr.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Tel: (973) 596-4500
Fax: (973) 596-0545
wdeni@gibbonslaw.com

*Attorneys for Plaintiffs*